# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LeTORY ANTYAN JONES | * | |
| Petitioner | * | |
| v | * | Civil Action No. CCB-17-3523 |
| WARDEN RICHARD GRAHAM and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

\*\*\*

## MEMORANDUM

In answer to the above-entitled petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, respondents assert the petition should be dismissed as time-barred. ECF 3. After this court advised petitioner of the relevant law pertaining to the time limitations for a federal habeas petition and the bases for excusing non-compliance with the time limitation (ECF 5), petitioner filed a reply asserting he is entitled to equitable tolling. ECF 6. The court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, the petition shall be dismissed and a certificate of appealability shall not issue.

## Background

On January 19, 2006, petitioner LeTory Jones was convicted by a jury in the Circuit Court for Somerset County, Maryland of first-degree assault, second-degree assault, and reckless endangerment. ECF 3-1 at p. 26; ECF 3-2 at p. 35. The court sentenced Jones to serve 25 years

for first-degree assault, one-year consecutive for second-degree assault, and five-years concurrent for reckless endangerment. ECF 3-1 at pp. 2-4; ECF 3-2 at pp. 35-36.

On May 16, 2006, the Circuit Court struck Jones's sentence for reckless endangerment. ECF 3-1 at p. 28; ECF 3-2 at pp. 38-39.

In an unreported decision dated February 17, 2009, the Maryland Court of Special Appeals affirmed Jones's conviction. ECF 3-2 at p. 41. The mandate issued on March 19, 2009. *Id.* Jones did not file for certiorari review in the Maryland Court of Appeals and his right to do so expired on April 3, 2009. *See* Md. Rule 8-302 (petition for writ of certiorari must be filed within 15 days of the date of mandate). For purposes of calculating the one-year federal habeas time limitation, Jones's conviction became final on April 3, 2009.

On January 27, 2010, Jones filed a petition for post-conviction with the Circuit Court for Somerset County. ECF 3-2 at p. 41. On the date he filed his petition for post-conviction relief 299 days[1] had expired on the one-year federal habeas limitation and, while the petition was pending, the limitation period was tolled. On April 2, 2013, Jones withdrew his petition. *Id.* at p. 49. Once withdrawn, the one-year federal habeas time period began to run again. The sixty-six days remaining on the limitation period expired as of June 7, 2013.[2]

Jones did not file another petition for post-conviction relief until January 15, 2016. ECF 3-2 at p. 50. Following the Circuit Court's denial of relief, Jones filed an application for leave to appeal which was dismissed as untimely by the Court of Special Appeals. ECF 3-3.[3] At the time Jones filed his petition for post-conviction relief, the one-year filing limitation for Jones to seek

---

[1] *See* https://www.timeanddate.com/date/durationresult.html (last visited April 29, 2019).

[2] *See* https://www.timeanddate.com/date/dateadded.html (last visited April 29, 2019).

[3] Jones attributes his delay to the Circuit Court's failure to provide him with a copy of the post-conviction decision. ECF 6.

federal habeas relief had expired and, absent a valid basis for an exception to the untimely filing, the instant petition filed on November 27, 2017, is subject to dismissal. *See* ECF 1.

## Standard of Review

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d). This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-

3

line rules." *Harris*, 209 F.3d at 330 (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). "The doctrine has been applied in two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Harris*, 209 F.3d at 330 (internal citations omitted). A federal habeas petition does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 174-76 (2001) (a federal habeas petition is not an application for State post-conviction or other collateral review within the meaning of §2244(d)(2) and therefore does not toll the limitation period while it is pending).

## Analysis

Jones argues he is entitled to equitable tolling because he diligently attempted to comply with the one-year filing deadline, but because he is indigent and could not afford a private attorney to pursue post-conviction relief without utilizing the entire ten-year limitation period[4] for doing so, he could not comply with the federal filing deadline.[5] ECF 6. He explains that he ran out of money to pay the attorney he hired to file a petition for post-conviction relief and the attorney sought an indefinite extension of time to allow time for Jones to pay him, but the Circuit Court for Somerset County would not allow an indefinite extension of time. *Id.* Maryland provides a right

---

[4] *See* Md. Code Ann., Crim Proc. § 7-103(b) ("[u]nless extraordinary cause is shown, a petition under this subtitle may not be filed more than 10 years after the sentence was imposed.").

[5] Although Jones mentions actual innocence as a basis to avoid a miscarriage of justice (ECF 6 at p. 3), he does not present a basis for an actual innocence claim. To invoke a claim of actual innocence Jones "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995), *see also McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (actual innocence standard is a gateway to habeas corpus review and a "petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."). Jones does not point to new, exculpatory evidence that would support a tenable actual innocence gateway claim.

4

to assistance of counsel in post-conviction proceedings. *See* Md. Code Ann., Crim. Proc. § 7-108(a). Thus, Jones's inability to pay a private attorney does not amount to an exceptional circumstance justifying equitable tolling of the federal filing deadline for the nearly four-years it took Jones to file a proper federal petition for habeas corpus relief after the filing deadline expired.

Jones also relies on two attempts he made in this court to file a federal habeas petition as support for his assertion that he was diligent. ECF 6-1 and 6-2, *see also Jones v. Warden*, Civil Action CCB-09-3452 (D. Md. 2009) ("*Jones I*" filed December 28, 2009); *Jones v. Maryland*, Civil Action CCB-13-1167 (D. Md. 2013) ("*Jones II*" filed April 18, 2013). Both of Jones's prior cases were dismissed and Jones did not seek appellate review. The "petition" Jones filed December 28, 2009, was simply correspondence sent to the court seeking advice on how he could permissibly toll the statute of limitations for filing a federal habeas corpus petition. *Jones I* at ECF 1. Though the correspondence was construed as a petition for habeas corpus, it did not contain any claims challenging the validity of his conviction. *Id.* This court dismissed the case without prejudice, stated it could not provide Jones with legal advice, and provided an address to contact for assistance with legal advice. *Id.* at ECF 2.

In the petition Jones filed on April 18, 2013, he indicated that he had to withdraw his post-conviction petition "because the judge would not give me another postponement" which he needed in order to "retain counsel of my choosing." *Jones II* at ECF 1, p. 1. He asked this court "to stop the equitable tolling clock until my post-conviction is heard." *Id.* There was no indication by Jones that he was then pursuing post-conviction remedies, nor did he indicate how he planned to finish post-conviction proceedings and appellate review of any adverse decision resulting from those proceedings. *Id.* at ECF 1, ECF 2 (amended petition). Based on the content of the petition and the amended petition, this court dismissed the petition without prejudice because there was no

demonstration that stay and abeyance was appropriate or applicable. *Id.* at ECF 3, p. 2, *see also Rhines v. Weber*, 544 U.S. 269, 277 (2005) (stay and abeyance procedure allows a petitioner able to demonstrate good cause for failing to exhaust a claim to return to state court to present the unexhausted claim while the federal habeas petition remains stayed). In Jones's case, a stay and abeyance would have effectively excused his failure to exhaust state remedies before seeking federal habeas relief. *Jones II* at ECF 3, p. 2. His desire to seek counsel of his own choosing, where the State of Maryland provides post-conviction counsel free of charge, is not a cognizable basis for excusing a failure to exhaust state remedies.

Jones's prior premature federal habeas filings do not warrant equitable tolling of the one-year limitation period, nor do the circumstances he describes regarding payment of his privately retained attorney. The petition must therefore be dismissed as untimely. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Jones has not demonstrated that a certificate of appealability is warranted, but he may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate order follows.

5/1/19
Date

Catherine C. Blake
United States District Judge